UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHAUNCEY CALHOUN,

    Plaintiff,

v.                                              Case No. 8:25-cv-3344-WFJ-AAS

SGT. JULIAN D. ZEBRANEK, *et al.*,

    Defendants.
_____/

## ORDER

    Chauncey Calhoun, a Florida prisoner, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983, (Doc. 1), and a motion to proceed *in forma pauperis*, (Doc. 2). In a separate order, the Court grants Mr. Calhoun leave to proceed *in forma pauperis*. Upon review, however, the Court concludes that the complaint must be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A.

    Mr. Calhoun alleges that on January 26, 2024, he was taking a shower at Avon Park Correctional Institution. (Doc. 1 at 4-5). Sgt. Julian D. Zebranek and Sgt. Lawrence entered the bathroom. (*Id.* at 5). Sgt. Zebranek "demanded [Mr. Calhoun] exit the shower [and] submit to hand restraints." (*Id.*) Mr. Calhoun said, "Sure[,] but can I finish drying myself and put my clothes on[?]" (*Id.*) Sgt. Zebranek "immediately reiterated" his demand to "submit to hand restraints." (*Id.*) At the same time, Sgt. Zebranek pulled out a can of pepper spray and, without "giving [Mr. Calhoun] time to react or respond, proceeded to spray [him] while naked." (*Id.*) Based on these allegations, Mr. Calhoun brings excessive force

claims against Sgt. Zebranek and Sgt. Lawrence in their official capacities. (*Id.* at 2-3). As relief, he seeks monetary damages. (*Id.* at 8).

As currently pled, the complaint is deficient and must be dismissed without prejudice. The named defendants are two employees of the Florida Department of Corrections ("FDOC")—Sgt. Zebranek and Sgt. Lawrence. (*Id.* at 2). Mr. Calhoun sues these persons in their official capacities only. (*Id.*) "Absent waiver or express congressional abrogation (neither of which is present in this case) the Eleventh Amendment doctrine of sovereign immunity bars a § 1983 plaintiff's claims for monetary damages against individual employees of the [FDOC] . . . in their official capacities." *Hodge v. Dixon*, No. 3:23-cv-24738-MCR-ZCB, 2024 WL 4295780, at *4 (N.D. Fla. Apr. 25, 2024), *adopted by* 2024 WL 4291502 (N.D. Fla. Sept. 25, 2024); *see also Lewis v. Charlotte Corr. Inst. Emps.*, 589 F. App'x 950, 952 (11th Cir. 2014) ("[A] claim for damages against the FDOC officers fails because the state officials sued in their official capacities are immune from such relief."). Accordingly, the complaint fails to state a claim for relief.

In light of his *pro se* status, the Court will give Mr. Calhoun an opportunity to amend his complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

Accordingly, it is **ORDERED** that:

1. Mr. Calhoun's complaint, (Doc. 1), is **DISMISSED without prejudice**.

    a. If Mr. Calhoun wishes to amend, he shall file an amended complaint within **TWENTY-ONE DAYS** of the date of this order.

    b. To amend, Mr. Calhoun should complete a new civil-rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Calhoun's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

2. If Mr. Calhoun fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Calhoun must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any

       motions from the notice. Failure to inform the Court of an address change will result in the dismissal of this case without further notice.

4.    The Clerk is **DIRECTED** to mail to Mr. Calhoun the standard form for *pro se* prisoner complaints.

**DONE** and **ORDERED** in Tampa, Florida, on December 9, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**