**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHAUNCEY CALHOUN,

Plaintiff,

v. Case No. 8:25-cv-3344-WFJ-AAS

SGT. JULIAN D. ZEBRANEK, *et al.*,

Defendants.
_______________________________________/

**ORDER**

This matter is before the Court on Defendants Julian D. Zebranek and Ethan Lawrence's motion to dismiss Plaintiff Chauncey Calhoun's *pro se* civil-rights complaint. (Doc. 16). Plaintiff filed a response in opposition. (Doc. 23). For the reasons stated below, the motion to dismiss is **DENIED**.

## I. Background[1]

This case arises from an excessive-force incident that allegedly occurred at Avon Park Correctional Institution. On the morning of January 26, 2024, Plaintiff—an inmate at the facility—took a shower after performing cleaning duties in his housing unit. (Doc. 5 at 7). Sgts. Zebranek and Lawrence approached the shower area as Plaintiff was "drying off." (*Id.* at 8). Sgt. Zebranek "stepped up to the shower wall" and said, "[C]ome out and submit to hand-restraints." (*Id.*) Plaintiff was naked. (*Id.*) He responded, "[S]ure, can I put

[1] For purposes of this motion, the Court accepts Plaintiff's factual allegations as true.

my clothes on first[?]" (*Id.*; *see also* Doc. 7 at 2). Sgts. Zebranek and Lawrence "glanced" at Plaintiff's "mostly exposed body," which was "quickly drying off." (Doc. 5 at 8). Then, "[w]ithout any provocation," Sgt. Zebranek pepper-sprayed Plaintiff "in a continued blast," "empt[ying]" his can. (*Id.* at 8-9). Sgt. Lawrence did not intervene. Instead, he "acquiesced and encouraged" Sgt. Zebranek "in the use of pepper spray." (*Id.* at 8). During the incident, Plaintiff was not "resist[ing] or threaten[ing]" the two officers. (*Id.*)

Plaintiff's naked body was "completely covered in pepper spray," and he was "placed in a de-containment shower for approximately 5 minutes with no soap or cleansing agents." (*Id.* at 9). Plaintiff then underwent a "pre-confinement" medical examination, during which he stated that "he was in extreme discomfort from the pepper spray still burning in his groin area." (*Id.*) Sometime later, Sgt. Zebranek sought to "conceal the use of force" by issuing a false disciplinary report against Plaintiff for "disobeying an order." (*Id.*) The report omitted Sgt. Zebranek's use of "chemical agents." (*Id.*)

Based on the "unnecessary" use of pepper spray, Plaintiff sues Sgt. Zebranek for excessive force in violation of the Eighth Amendment. (*Id.* at 11). Plaintiff also sues Sgt. Lawrence for failure to intervene in the use of pepper spray. (*Id.* at 12). Lastly, Plaintiff seeks to impose supervisory liability on J. Trainer, the Warden of Avon Park Correctional Institution.[2] (*Id.* at 10). According to Plaintiff, Warden Trainer "knew or reasonably should have known" that Sgts. Zebranek and Lawrence "exhibited a history of using excessive force against inmates." (*Id.*) Through this lawsuit, Plaintiff seeks nominal, compensatory,

[2] Warden Trainer has not been served in this action. (Doc. 15).

and punitive damages, as well as a declaratory judgment stating that Defendants violated his constitutional rights. (*Id.* at 12-13).

## II. Standard of Review

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration should be limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## III. Analysis

Sgts. Zebranek and Lawrence move to dismiss the amended complaint, arguing that Plaintiff failed to exhaust his administrative remedies and that they are entitled to qualified immunity. (Doc. 16). The Court concludes that dismissal is not warranted on either basis. Next, the Court addresses the claim against Warden Trainer. Unlike Sgts. Zebranek and Lawrence, Warden Trainer has not appeared in this action. But Plaintiff is a prisoner suing government officials and has been granted leave to proceed *in forma pauperis*. Thus, the Court has an independent obligation to screen the amended complaint to determine whether it states a claim against Warden Trainer. *See* 28 U.S.C. §§ 1915(e), 1915A. The Court concludes that Plaintiff does not plead a viable claim against this defendant.

**A. Exhaustion**

The amended complaint is not subject to dismissal for failure to exhaust. The Prison Litigation Reform Act requires prisoners to exhaust "such administrative remedies as are available" before filing suit in federal court. 42 U.S.C. § 1997e(a). "[W]hen a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a [42 U.S.C.] § 1983 lawsuit." *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015). A prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

"In response to a prisoner suit, defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). A court follows a "two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust." *Id.* "First, considering the complaint, the defendant's motion, and the plaintiff's response, the district court determines whether dismissal is warranted according to the plaintiff's version of the facts." *Harris v. Sec'y, Fla. Dep't of Corr.*, No. 23-12934, 2024 WL 4678112, at *1 (11th Cir. Nov. 5, 2024). "The court should dismiss if the facts as stated by the prisoner show a failure to exhaust." *Whatley*, 802 F.3d at 1209. Second, "if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id.* "[D]efendants bear the burden of proving that the plaintiff has failed

to exhaust his available administrative remedies." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

Dismissal is not warranted at step one. In his amended complaint, Plaintiff alleges that he "exhausted his administrative remedies as provided to him by prison staff." (Doc. 5 at 16). Specifically, on January 28, 2024, he allegedly filed an "emergency grievance" with the Secretary of the Department of Corrections, who then "returned [it] without action." (*Id.*) Then, on February 28, 2024, Plaintiff filed a "grievance" with Warden Trainer, "complaining about the excessive use of force by Defendants." (*Id.*) This grievance was "denied." (*Id.*) Finally, on March 20, 2024, Plaintiff submitted "an appeal" to the Secretary of the Department of Corrections. (*Id.*) This appeal, too, was "denied." (*Id.*) Defendants dispute these assertions, claiming that Plaintiff "failed to even initiate a formal or informal grievance process." (Doc. 16 at 6). But accepting Plaintiff's allegations as true—as is required at step one—Defendants are not entitled to dismissal because "the facts as stated by" Plaintiff do not "show a failure to exhaust." *Whatley*, 802 F.3d at 1209; *see also Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1308 (11th Cir. 2022) (finding that "dismissal was not warranted" under *Turner*'s first step because plaintiff "specifically asserted that he had in fact 'exhausted all remedies'"); *Franklin v. Nicholson*, No. 3:22-cv-528-MMH-JBT, 2023 WL 4352447, at *5 (M.D. Fla. July 5, 2023) (declining to dismiss "at the first step of the *Turner* analysis" because plaintiff alleged that he filed a "formal grievance" that was "returned without action" and subsequently "filed an appeal to the Office of the FDOC Secretary . . . which was also denied").

Nor is dismissal warranted at step two. Here, the Court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082. At step two, Defendants "bear the burden of proving that [Plaintiff] has failed to exhaust his available administrative remedies." *Id.* Defendants have not met that burden because their evidence is insufficient to show a lack of exhaustion.

To support their assertion that Plaintiff did not initiate the grievance process, Defendants submit an exhibit that purports to be a grievance log for Plaintiff. (Doc. 16-1). The log shows that no informal or formal grievances were filed between January 26, 2024, and June 1, 2024. (*Id.*) But the log does not display Plaintiff's name, inmate number, or any other information tying the results to him. (*Id.*) Moreover, Defendants did not submit an affidavit from a records custodian or grievance coordinator authenticating the log, explaining how it was generated, or confirming that the results relate to Plaintiff's grievance history. This unverified document, "unaccompanied by a declaration describing its import or completeness, is insufficient to meet the defendants' burden to show nonexhaustion." *White v. Whorton*, 430 F. App'x 621 (9th Cir. 2011); *see also Kelley v. Robey*, No. 3:21-cv-234-CRS, 2022 WL 662316, at *5 (W.D. Ky. Mar. 4, 2022) (declining to dismiss for failure to exhaust where defendants "attach[ed] grievance records related to grievances ostensibly filed by Plaintiff" but "did not attach the affidavit of any [prison] personnel or otherwise authenticate any of the grievance records"). If they can make a proper evidentiary showing, Defendants may renew their exhaustion argument at summary judgment.

**B. Qualified Immunity**

"Qualified immunity offers complete protection for individual public officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012). To receive qualified immunity, an official must first "establish that he or she acted within the scope of discretionary authority when the allegedly wrongful acts occurred." *Robinson v. Sauls*, 46 F.4th 1332, 1340 (11th Cir. 2022). Once this showing is made, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation. *Id.* at 1340-41. Thus, a motion to dismiss on qualified immunity grounds "will be granted if the complaint fails to allege the violation of a clearly established constitutional right." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

Defendants are not entitled to qualified immunity because Plaintiff plausibly alleges that Sgt. Zebranek violated his clearly established right to be free from excessive force, and that Sgt. Lawrence violated clearly established law by failing to intervene in the use force.[3]

[3] The Court assumes, without deciding, that Defendants were acting within the scope of their discretionary authority at all relevant times. Even with that favorable assumption, Defendants are not entitled to qualified immunity because their alleged conduct violated clearly established rights. *See Resendiz v. Christian*, 830 F. Supp. 3d 1226, 1239 (N.D. Ga. 2026) (denying qualified immunity where, "[e]ven assuming [defendant] did perform any discretionary police functions," his alleged conduct "violate[d] a clearly established constitutional right").

Take the excessive-force claim first. The core inquiry for such a claim is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). A prisoner asserting an excessive-force claim must establish two elements: "the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). A claim satisfies the subjective element if the force was "sadistically and maliciously applied for the very purpose of causing harm." *Id.* The objective component "focuses on whether the official's actions were harmful enough or sufficiently serious to violate the constitution." *Id.* (internal quotation marks omitted).

Plaintiff states a plausible excessive-force claim against Sgt. Zebranek. According to the amended complaint, Sgts. Zebranek and Lawrence approached the shower area as Plaintiff was "drying off." (Doc. 5 at 8). Sgt. Zebranek "stepped up to the shower wall" and said, "[C]ome out and submit to hand-restraints." (*Id.*) Plaintiff responded, "[S]ure, can I put my clothes on first[?]" (*Id.*; *see also* Doc. 7 at 2). Then, "[w]ithout any provocation," Sgt. Zebranek pepper-sprayed Plaintiff "in a continued blast," "empt[ying]" his can. (Doc. 5 at 8-9). During the incident, Plaintiff was not "resist[ing] or threaten[ing]" the two officers. (*Id.* at 8). Taken as true, these allegations plausibly suggest that Sgt. Zebranek sprayed Plaintiff with chemicals "sadistically and maliciously . . . for the very purpose of causing harm." *Sconiers*, 946 F.3d at 1265. Moreover, "where chemical agents are used unnecessarily, without penological justification, or for the very purpose of

punishment or harm, that use satisfies the Eighth Amendment's objective harm requirement." *Thomas v. Bryant*, 614 F.3d 1288, 1311 (11th Cir. 2010). Thus, Plaintiff adequately alleges that the pepper spraying was "harmful enough" to violate the constitution.[4] *Sconiers*, 946 F.3d at 1265.

Plaintiff likewise states a plausible failure-to-intervene claim against Sgt. Lawrence. "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Nute v. White*, 152 F.4th 1311, 1319 (11th Cir. 2025) (internal quotation marks omitted). According to the amended complaint, Sgt. Lawrence did not intervene when Sgt. Zebranek "emptied his [can of] pepper spray" at Plaintiff. (Doc. 5 at 8-9). Instead, Sgt. Lawrence allegedly "acquiesced and encouraged" Sgt. Zebranek "in the use of pepper spray." (*Id.* at 8). Viewed in the light most favorable to Plaintiff, these allegations plausibly suggest that Sgt. Lawrence had "both the opportunity to intervene and [was] in a position to intervene and yet fail[ed] to do so." *Johnson v. White*, 725 F. App'x 868, 878 (11th Cir. 2018).

For the reasons just explained, Plaintiff adequately alleges that Sgt. Zebranek used excessive force against him, and that Sgt. Lawrence unlawfully failed to intervene to stop the use of force. The question thus becomes whether, "at the time of the alleged conduct,"

---

[4] Defendants argue that the pepper spraying did not violate the Eighth Amendment because Plaintiff failed to obey Sgt. Zebranek's "lawful order" to "submit to hand restraints." (Doc. 16 at 11). But the amended complaint does not allege that Plaintiff affirmatively refused to submit, continued dressing after permission was denied, ignored repeated commands, received a warning, delayed for any appreciable period, or caused a disturbance. Instead, Plaintiff responded to the order by saying "sure" and asking if he could get dressed first. (Doc. 5 at 8). Under these alleged circumstances, the Court cannot say that emptying a can of pepper spray at Plaintiff reflected "a good faith effort to maintain or restore discipline." *Sconiers*, 946 F.3d at 1265.

Defendants violated "clearly established law." *Mikko v. City of Atlanta*, 857 F.3d 1136, 1146 (11th Cir. 2017). The answer to that question is yes, assuming, as the Court must at this stage, that Plaintiff's allegations are true. "A plaintiff may show that a right was clearly established through: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Prosper v. Martin*, 989 F.3d 1242, 1251 (11th Cir. 2021).

A "broad statement of principle" controls here. *Id.* When the incident occurred in January 2024, it was settled that "the unjustified use of excessive force by a prison guard against an inmate" violates the Eighth Amendment. *Davis v. Locke*, 936 F.2d 1208, 1213 (11th Cir. 1991); *see also Williams v. Burton*, 943 F.2d 1572, 1576 (11th Cir. 1991) ("The basic legal principle is that once the necessity for the application of force ceases, any continued use of harmful force can be a violation of the Eighth and Fourteenth Amendments."). It was also settled that prison officials may violate the Eighth Amendment when they use "chemical agents . . . unnecessarily, without penological justification, or for the very purpose of punishment." *Thomas*, 614 F.3d at 1311. Plaintiff alleges that—without provocation and for no legitimate penological purpose—Sgt. Zebranek emptied a can of pepper spray at him. (Doc. 5 at 8-9). "[C]ase law bars [these] alleged actions with sufficient clarity to put any reasonable officer on notice that this conduct constituted excessive force." *Sebastian v. Ortiz*, 918 F.3d 1301, 1311 (11th Cir. 2019).

Likewise, "[t]he principle that an officer must intervene when he or she witnesses unconstitutional force has been clearly established in this Circuit for decades." *Helm v. Rainbow City*, 989 F.3d 1265, 1272 (11th Cir. 2021); *see also Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007) ("The law of this circuit is that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." (internal quotation marks omitted)). Under Plaintiff's version of the facts—which the Court must accept as true at this stage—Sgt. Lawrence stood by while Sgt. Zebranek emptied a can of pepper spray at Plaintiff. (Doc. 5 at 8-9). Every reasonable official would have known that such conduct amounted to an unlawful failure to intervene. *See Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 927 (11th Cir. 2000) ("That [an] officer had a duty to intervene when he witnessed the use of excessive force and had the ability to intervene was clearly established in February 1994.").

For these reasons, Defendants are not entitled to qualified immunity at the motion-to-dismiss stage. If appropriate, Defendants may renew their request for qualified immunity at a later stage of the litigation.

**C. Warden Trainer**

Lastly, pursuant to its independent obligation to screen the amended complaint, the Court concludes that Plaintiff fails to state a plausible claim against Warden Trainer. *See* 28 U.S.C. §§ 1915(e), 1915A. Supervisors such as Warden Trainer can be held "liable under . . . § 1983[] for the unconstitutional acts of [their] subordinates if [they] personally participated in the allegedly unconstitutional conduct or if there is a causal connection

between [their] actions . . . and the alleged constitutional deprivation." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008). "Where, as here, the complaint does not allege that the supervisor personally participated in the unconstitutional conduct, the plaintiff may allege a causal connection between the supervisor's actions and the alleged constitutional deprivation through a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Campbell v. Humphries*, 353 F. App'x 334, 336 (11th Cir. 2009) (internal quotation marks omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Plaintiff fails to meet the "extremely rigorous" standard for holding a supervisor liable for "the actions of a subordinate." *Doe v. School Bd. of Broward County, Fla.*, 604 F.3d 1248, 1266 (11th Cir. 2010). According to the amended complaint, Warden Trainer "knew or reasonably should have known" that Sgts. Zebranek and Lawrence "exhibited a history of using excessive force against inmates. (Doc. 5 at 10). Despite this alleged history, Warden Trainer failed to take "action" to "curb the known pattern of abuse." (*Id.*) These vague allegations are insufficient to plead a supervisory-liability claim. Plaintiff fails "to allege the nature, amount, frequency, or duration of complaints against [the officers], if they involved constitutional deprivations, or if they otherwise involved 'widespread abuse.'" *Campbell*, 353 F. App'x at 336. Moreover, Plaintiff alleges no facts showing that Warden Trainer "was aware of or knew about" any alleged prior incidents of excessive

force. *Smith v. City of Sumiton*, 578 F. App'x 933, 937 (11th Cir. 2014). Therefore, the claim against Warden Trainer is dismissed without prejudice.[5]

## IV. Conclusion

Accordingly, it is **ORDERED** that:

1. Defendants Julian D. Zebranek and Ethan Lawrence's motion to dismiss, (Doc. 16), is **DENIED**.

2. Pursuant to its obligation to screen prisoner civil-rights complaints, *see* 28 U.S.C. §§ 1915(e), 1915A, the Court **DISMISSES** the claim against Defendant Trainer without prejudice. The **Clerk** is directed to terminate Trainer as a defendant in this action.

3. Defendants Zebranek and Lawrence must answer the remaining claims in the amended complaint, (Doc. 5), within **FOURTEEN DAYS** of the date of this order.

**DONE** and **ORDERED** in Tampa, Florida, on September 22, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

[5] Plaintiff alleges that Warden Trainer failed to "adequately train" Sgts. Zebranek and Lawrence. (Doc. 5 at 11). "To succeed on this claim, however, [Plaintiff] must show that [Warden Trainer] had actual or constructive notice that a particular omission in the[] training program caused the [prison's] employees to violate inmates' constitutional rights—yet still elected to retain that insufficient training program." *Bridges v. Poe*, 155 F.4th 1302, 1317 (11th Cir. 2025) (internal quotation marks omitted). Plaintiff alleges no facts showing that Warden Trainer knew or should have known about a particular defect in the prison's training program.